## Case No. 6,560.

HODGE et al. v. HUDSON RIVER R. CO.

[6 Blatchf. 165.] [1]

Circuit Court, S. D. New York.    July 1, 1868.

PATENTS—LICENSE—DURATION — INFRINGEMENT— RIGHT TO INJUNCTION—PAYMENT OF LICENSE FEE BY DEFENDANT.

1. Where a license under a patent does not, on its face, cover the extended term of the patent, if it be claimed that, in fact, the parties to the license had in view at the time an arrangement covering such extended term, such fact must be shown by evidence.

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

2. The presumption of law in regard to every license under a patent is, that the parties deal in regard only to the term existing when the license is given, unless an express provision is inserted looking to a further interest; and, unless there be such a stipulation, showing that the parties contemplated an extension, the provisions of the license will be construed as relating to the then existing term only.

3. Where the validity of a patent is fully established, and its infringement is clear, the patentee has a right to protection by injunction, although great injury may thereby be caused to the infringer.

[Cited in Consolidated Fruit-Jar Co. v. Whitney, Case No. 3,132.]

4. Where the question of the right to the injunction depends only on the interpretation to be given to a license, it is the duty of the court to interpret the license, on a motion for the injunction, and to grant or refuse the injunction, according to the result of such interpretation.

5. It appearing that the defendant was willing to pay a reasonable sum for the use of the patented invention, and that the plaintiff had a fixed license fee for its use, and exercised the franchise solely by licensing, for fees, the use of the invention, the court *held*, that the defendant ought to be enjoined only in case he should elect to be enjoined in preference to paying a reasonable license fee for the use of the invention, to such extent as he might desire to use it during the unexpired term of the patent, such fee to be no greater than the regular fee, if any, established in like cases, and to be ascertained as of the time of the filing of the bill, by a reference to a master, on testimony to be produced before him.

In equity. This was a renewal of the motion for a provisional injunction, reported [Case No. 6,559], and which was suspended to allow the plaintiffs [Amelia S. Hodge and Zelia C. Hodge, as administratrices of Nehemiah Hodge] to supply evidence on certain points.

Samuel D. Cozzens, for plaintiffs.
Charles A. Rapallo, for defendants.

BLATCHFORD, District Judge. This motion is founded on letters patent [No. 6,702] granted to Nehemiah Hodge, in his lifetime, October 2d, 1849, for an improvement "in the mode of operating brakes for cars," and reissued to him March 1st, 1853 [No. 231], and extended to him September 16th, 1863, for seven years from October 2d, 1863. In the opinion delivered by the court, when this case was before it on a former occasion, it was stated, that the only question for consideration was, whether the defendants, by using the patented brake within this district, on their own railroad, on cars belonging to them, marked "New York, Sus. Bridge and Buffalo," and on cars belonging to them, known as "White Line" cars, and on cars belonging to them, known as "Blue Line" cars, and by using the patented brake within this district, on their own railroad, on sleeping cars and drawing-room cars, the brakes, trucks, and running gears of which cars belonged to them, had infringed the patent, as extended. The defendants justified their use of the brake under a license granted to them

by the patentee, April 8th, 1862, before the extension, which, after reciting the granting and the reissue of the patent, and that "the Hudson River Railroad Company have used, and are desirous of continuing to use, the said improvement, upon their cars," goes on to say, that the patentee, for the consideration of six hundred and twenty-five dollars, paid to him by the company, authorizes and licenses them "to construct and use the said improvement on any and all cars belonging to said company, and to use the same improvement upon the entire length of their road, and upon all parts thereof, extending from the city of New York, in the state of New York, to the city of Troy, in said state, for and during the term for which said letters patent are or may be granted," and also, "to run or cause to be run their said cars, with said improvements, on and over other roads, on joint business, during the term above stated." The court held, that the license covered all that had been shown to have been done by the defendants—that is, the use of the patented improvement on cars belonging to the company, on their own railroad, so far as the extent of their acts was concerned; that the license did not, by its terms, cover the extended term of the patent; that, therefore, the only right which the defendants possessed, under the extended term, was that which was given to them by the clause of the 18th section of the act of July 4, 1836 (5 Stat. 125), which provides that the benefit of the extension of a patent shall "extend to assignees and grantees of the right to use the thing patented, to the extent of their respective interest therein"; that, as the thing patented in the present case was a machine, the law was entirely settled, that the only right which the defendants, as lawful licensees under the patent, for the first term, of the right to use the thing patented, acquired, under the extended term, by virtue of that clause in the 18th section, was the right to continue to use, until they should be worn out, or as long as they could be repaired, such brakes as they had lawfully in use under said license, on the 2d of October, 1863; that, as it was not shown in the papers whether the particular brakes used by the defendants since the 2d of October, 1863, on their own railroad, on the cars before-named, were or were not lawfully in use under said license on the 2d of October, 1863, it was impossible for the court to decide whether the plaintiffs were or were not entitled to an injunction as respected those particular brakes; and that the motion must, therefore, be suspended, to allow the plaintiffs to supply evidence on that point.

Since that opinion was delivered, the defendants have filed their answer in the suit. The only defence set up in the answer is, in substance, the license aforesaid, with the averment, on information and belief, that the patentee, at the time of executing and delivering to the defendants the license, informed them that he had applied for, or was about to apply for, an extension of the patent, and desired to sell to them the right to make and use the improvement, not only during the then unexpired term of the patent, but during the extension thereof which he represented he should obtain, that he demanded for such right the sum of six hundred and twenty-five dollars, that it was thereupon agreed between him and the defendants, that, upon the payment to him of that sum, he would sell and grant to the defendants such right, and that thereupon they paid him that sum, and he executed and delivered to them the license, claiming to and advising them that the same covered and contained the right to use and make the improvement for, and during, said unexpired term, and the said extension to be by him obtained. This averment is not sustained by the affidavit of a single witness who pretends to any knowledge of the facts covered by the averment. The averment is made in the answer on information and belief. The answer is sworn to by an officer of the company who had no connection with the company at the time the license was given, or with the giving of the license. The name of the person who furnishes the information is not disclosed. The facts set up are contradicted by the terms of the license. The license is witnessed by a member of the legal profession, who was at the time the secretary of and the counsel for the company, and it is shown on this motion that the patentee was also a lawyer. In view of all these facts, and of the settled presumption of law, in regard to every license under a patent, that the parties deal in regard only to the term existing when the license is given, unless an express provision is inserted, looking to a further interest, and of the further rule, that, unless there be such a stipulation showing that the parties contemplated an extension, the instrument, and each and all of its provisions, will be construed as relating to the then existing term only, there is no reason to suppose that the parties concerned in negotiating, drawing, executing, delivering, and accepting the license in question, had at all in view any arrangement covering any extended term of the patent. At all events, if any such defence is to be available as against the language of the instrument, it is for the defendants to maintain it by evidence, which they have wholly failed to do.

The new proofs now presented on the part of the plaintiffs show, that, since October, 1863, the defendants have put new infringing brakes upon new cars constructed by them since that date, and have run upon their road cars belonging to parties other than themselves, containing such brakes; and that other cars with such brakes have been built for the defendants since October, 1863, and run by them upon their road.

The counsel for the defendants has stren-

uously urged, on this renewal of the motion, the right of the defendants, under the license, to continue to use the patented invention, during the extended term, to the same extent as during the original term, and also its right to do so under the provision of the 18th section of the act of 1836 [5 Stat. 124], and has insisted that such right extends not merely to brakes lawfully in use at the expiration of the first term, but also to new brakes constructed since the expiration of the first term. But I adhere to my views on this subject expressed in my opinion on the former motion.

The only other grounds urged against the granting of the injunction asked for, are, that the defendants are common carriers of persons and property; that they carry the mails of the United States; that their business is large and extensive, and is carried on by means of connections with other railroads; that any prolonged interruption of such business would do great and irreparable injury to them, and cause great detriment and inconvenience to the public; that it is necessary that the cars of the defendant should, for their proper and safe management, be supplied with such a double-acting brake as the infringing brake complained of in this case; that, to run passenger trains without such brakes, would be an act endangering the safety of passengers, and one of gross and criminal negligence; that the plaintiffs' patent covers all forms of double-acting brakes now in use or known to the public; that the defendants do not sell or make for sale any brakes, but only make them for use upon their cars; that the defendants are responsible to an amount far exceeding any possible recovery of the plaintiffs against them for the use of the brake; that the patentee, after the expiration of the original term of the patent, made no claim of infringement against the defendants; that the plaintiffs made no such claim until some time in 1867; that the defendants, in good faith, and confiding in their rights under the license, continued, after the expiration of the original term of the patent, to make, and attach to their cars, and use, the brake in question; that the plaintiffs have heretofore made known to the defendants, that their terms for a license for the use of the invention were not more than ten dollars per mile of the roadway; and that, after this court announced its decision on the first hearing of this motion, the solicitor for the defendants repeatedly applied to the solicitor for the plaintiffs to know the terms upon which the plaintiffs would give to the defendants a license, but could not learn such terms, and was informed, in reply, that the plaintiffs intended to obtain an injunction against the defendants, but would not serve or use it unless compelled to do so.

In this case, the validity of the plaintiffs' patent has been fully established. There have been five trials by a jury, in suits brought on the patent, one in Maine in September, 1855, one in Rhode Island in November, 1856, one in Massachusetts in May, 1858, one in the Northern district of New York in June, 1859, and one in the same district in October, 1859. These trials all of them resulted in verdicts and judgments in favor of the patent. Three of them involved the novelty of the invention and the validity of the patent. Besides these recoveries, there have been four other judgments at law in favor of the patent, one by default, and three by confession after plea and notice of defence. So, too, the infringement in this case is clear. Under such circumstances, the rule, as established by this court is, that a plaintiff has a right to protection by injunction, although great injury may thereby be caused to the infringer. Potter v. Fuller [Case No. 11,327]. In the case of Sickels v. Mitchell [Id. 12,835], where it was represented, on the part of the defendant, that the steamer on whose engine the patented improvement, a cut-off, was used, was one of a line, that her being laid up by an injunction would be a great public calamity, that it would be impossible to substitute another device without enormous expense and the consumption of several months of time, that the injunction would cause irreparable and unnecessary injury, and that the defendant was able to respond in any amount of damages which the plaintiff might recover for the use of the invention, this court held, that those allegations were not sufficient to stop the issuing of the injunction, and said: "It is too much for a defendant, in a clear case, to insist upon having the privilege of using a patented invention, for the reason that he is able to pay the damages which may be awarded against him at the end of a protracted litigation to ascertain their amount. The plaintiff may not be as able to prosecute a suit as the defendant is to defend. And, if the evils which the defendant sets forth, are to follow by the granting of an injunction, he could easily have avoided them. The ground of complaint in the bill is, that the defendant is using the invention without paying a reasonable sum therefor. There would have been no cause of complaint if the defendant had paid a reasonable sum for the use of the invention. This he has not done, and he has refused to pay any thing unless compelled to pay by the judgment of a court. The plaintiff has a right to demand of the defendant, if he wishes to use the invention, to first pay for such use. And, if he will not pay, and if the evils follow which he predicts, by his being compelled to desist, he has no one to blame but himself. As the case is now presented, the right of the plaintiff is clear, and the violation of right on the part of the defendant is equally clear." An injunction was ordered to issue in the case.

In the present case, the only defence of substance set up in the answer is the license, and, whether that is or is not a protection

against an injunction, depends on the interpretation given to it. The plaintiffs' title to an injunction does not depend upon any controverted or doubtful facts, but upon the interpretation to be put by the court upon the license. In such a case, it is the duty of the court to interpret the instrument on the motion for the injunction, and to grant or refuse the injunction according to the result of such interpretation. Clum v. Brewer [Case No. 2,909]. In regard to the construction to be put upon the license in this case, this court has no doubt that such license does not cover the extended term of the patent.

In view of all the facts of this case, and of the settled practice in regard to injunctions, I should have no hesitation in granting the injunction asked for, but for one circumstance. It does not appear, as in Sickels v. Mitchell, before cited, that the defendants are unwilling to pay a reasonable sum for the use of the invention during the extended term. Where the right of the plaintiff is manifest, and the violation of right on the part of the defendant is clear, and the defendant refuses to make any compensation for such violation, this court has held—Sickels v. Tileston [Case No. 12,837]—that the consideration of either public or private convenience should have little weight. In this last case, the bill alleged that the defendant refused to pay the plaintiff for the use of the patented improvement, or to desist from using it. In Sickels v. Mitchell [supra] the ground of complaint in the bill was not that the defendant was using the invention, but that he was using it without paying a reasonable sum for its use. In the present case, the bill proceeds against, and seeks to enjoin, the use of the patented invention at all by the defendants. It does not aver or proceed on the idea that the defendants, if using the invention now without right, are unwilling to pay a reasonable sum for its future use. The defendants show that they must use the plaintiffs' brake, that they heard nothing of any claim of infringement from October, 1863, when the first term of the patent expired, until sometime in 1867, that they went on in good faith, during that time, to construct new brakes according to the patent, that the plaintiffs have a fixed license fee for the use of the invention, and exercise the franchise of the patent not by making or using the brake themselves, but solely by licensing others to make and use it for license fees, and that the defendants have, during the pendency of this motion, unsuccessfully endeavored to learn from the plaintiffs their terms for a license, in respect of the use of the patented invention complained of in this suit. In acting on applications for temporary injunctions to restrain the infringement of patents, there is much latitude of discretion, and the application may be granted or refused unconditionally, or terms may be imposed on either of the parties, as conditions for granting or refusing the injunction. Forbush v. Bradford [Case No. 4,930]. I think this case is a proper one in which to impose such terms. The defendants ought not, under the circumstances, to be enjoined absolutely, but only in case they elect to be so enjoined in preference to paying a reasonable license fee for the use of the invention to such extent as they may desire to use it, during the portion of the extended term which remains unexpired, such fee to be no greater than the regular fee, if any, established by the patentee or the plaintiffs in like cases, and to be ascertained, as of the time when the bill in this suit was filed, by a reference to a master, on testimony to be produced before him. The injunction asked for is to go absolutely, unless the defendants, within ten days after the confirmation of the master's report, pay to the plaintiffs the fee reported, provided the plaintiffs, at the time of such payment, deliver to the defendants a license, duly executed, covering the use of the invention to such extent as the defendants may desire to use it, (the extent to be defined in the master's report) during the portion of the extended term so remaining unexpired. In regard to the unauthorized use of the invention before the filing of the bill, the suit will in any event proceed.

[For other cases involving this patent, see note to Hodge v. North Missouri R. R., Case No. 6,561.]